# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

### CIVIL NO. 1:05CV57
### (1:02CR45-8)

| | |
|---|---|
| **RICHARD RAY HUGHES,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| Vs. ) | **MEMORANDUM AND ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on the Petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence, filed March 7, 2005.

A prisoner in federal custody may attack his conviction and sentence on the grounds that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or is otherwise subject to collateral attack. **28 U.S.C. § 2255.** However,

> [i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

**Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts.** The Court, having reviewed the record of criminal proceedings, enters summary dismissal for the reasons stated herein.

## I. PROCEDURAL HISTORY

On June 12, 2002, the Petitioner was charged in a superseding bill of indictment with conspiracy to possess with intent to distribute at least 50 grams of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. **Superseding Bill of Indictment, filed June 12, 2002.** The Petitioner elected to go to trial and on November 6, 2002, he was found guilty by jury verdict as charged. **Verdict Sheet, filed November 6, 2002.** The jury specifically found that the conspiracy was involved with at least 50 grams of a mixture or substance containing a detectable amount of methamphetamine. *Id.* The jury also found that the Petitioner knew of or reasonably could have foreseen the involvement of the conspiracy with this quantity of methamphetamine. *Id.* at 2.

On May 22, 2003, the undersigned sentenced the Petitioner to 192 months incarceration. **Judgment in a Criminal Case, filed June 11,**

**2003.** The Petitioner appealed his conviction and sentence. **Notice of Appeal, filed June 18, 2003.** The United States Fourth Circuit Court of Appeals affirmed his conviction and sentence on March 16, 2004. ***United States v. Hughes*, 95 F. App'x 467 (4th Cir. 2004).** The Circuit rejected the Petitioner's arguments that the evidence was insufficient to sustain his conviction and he should have received a two point reduction for being a minor participant in the conspiracy. *Id.*, **at 469.** The Petitioner's co-defendant filed a petition for a writ of *certiorari* but the petition was denied by the Supreme Court on October 4, 2004. ***Carrizoza v. United States*, 543 U.S. 849 (2004).**

On March 7, 2005, Petitioner timely filed this § 2255 motion raising as grounds for relief ineffective assistance of counsel and an improper enhancement of his sentence by the undersigned.

On May 18, 2005, an attorney wrote to the Magistrate Judge advising that she represented the Petitioner. **Letter from Victoria Jayne, filed May 18, 2005.** On that same date, the attorney was advised by the Magistrate Judge that she needed to file a notice of general appearance. **Letter, dated May 18, 2005.** Ms. Jayne has never filed such a notice and

the Court does not consider her to represent the Petitioner. Moreover, no other pleadings have ever been presented to the Court by Ms. Jayne.

On July 31, 2006, the undersigned required the Government to file response to the motion. **Order, filed July 31, 2006.** On August 30, 2006, the Government filed response and included the affidavit of the Petitioner's trial counsel. **Response, filed August 30, 2006.** On September 19, 2006, the Petitioner, acting in a *pro se* capacity, moved for an extension of time to file a reply to the response; on October 23, 2006, he filed such response along with his additional affidavit. **Motion for Extension of time, filed September 19, 2006; Reply and Memorandum of Law, filed October 23, 2006; Affidavit of Richard Ray Hughes, filed October 23, 2006.** The Petitioner does not mention Ms. Jayne as his attorney and represented to the Court that he did not have counsel.

The Court finds that the Petitioner's motion for an extension of time to file reply should be granted. The matter is now ripe for disposition.

## II. DISCUSSION

In the Petitioner's motion, he claims that he received ineffective assistance of counsel in the following manners: (1) trial counsel failed to

advise him that he should accept the offer of the United States to a plea bargain for 7 years (84 months) imprisonment; (2) appellate counsel was ineffective in failing to petition the Supreme Court for a writ of *certiorari* based on the decision of *Blakely v. Washington*, 542 U.S. 296 (2004), because the jury did not determine the quantity of drugs attributable to him; (3) appellate counsel was ineffective in failing to notify him that his appeal had been denied so that he could petition the Supreme Court based on *Blakely* and *United States v. Booker*, 543 U.S. 220 (2005), because the jury did not determine the quantity of drugs; (4) both trial and appellate counsel were ineffective in failing to argue *Apprendi v. New Jersey*, 530 U.S. 466 (2000); and (5) the undersigned erred by enhancing the Petitioner's sentence on facts not determined by the jury and included in the indictment.

In considering Petitioner's claims that he has not received adequate assistance of counsel,

> [f]irst, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 686 (1984). Unless a defendant makes both showings, his claim of ineffective assistance of counsel must fail. *Id.* Thus, a defendant must show that counsel's performance fell below objective standards of reasonableness and, that but for his conduct, there was a reasonable probability the result would have been different. *Id.*, at 688; *Hill v. Lockhart*, 474 U.S. 52 (1985); *Fields v. Attorney Gen.*, 956 F.2d 1290, 1297 (4th Cir. 1992) **(In order to obtain relief from a guilty plea on the basis of ineffective assistance of counsel, a defendant must show both that counsel was incompetent and but for that incompetence, he would not have pled guilty.).** If the defendant fails to make the first showing, there is no need to consider the second. *Strickland, supra*.

In support of the petition, the Petitioner filed the affidavit of his wife who averred that she was present during consultations between the Petitioner and his attorney and "my husband told his attorney that he was guilty of drug trafficking. The only objection that he had was the drug amount and not the offense charged." **Affidavit of Angela Johnson Hughes,** *attached to* **Petitioner's § 2255 Motion, filed March 7, 2005, ¶¶ 3-4.** She also averred that trial counsel advised the Petitioner not to

take the offer of a plea agreement from the Government and to go to trial. *Id*. ¶¶ 5-6.

The Petitioner also filed his own affidavit in which he averred that he admitted his involvement in the drug conspiracy to his attorney. **Affidavit of Richard Ray Hughes,** *attached to* **§ 2255 Motion, ¶ 2.** He acknowledged that his attorney did advise him of the plea offer from the Government. *Id.* ¶ 4. However, the Petitioner claims that counsel advised against the offer and recommended going to trial. *Id.* ¶ 5.

In response to these claims, the Government filed the affidavit of the Petitioner's trial counsel, Gregory Newman. Mr. Newman averred that he reviewed the discovery in the case and the terms of the proposed plea agreement with the Petitioner. **Affidavit of Gregory A. Newman,** *attached to* **Government's Response and Submission of Affidavit, filed August 30, 2006, ¶ 3.** He also averred that there was never an offer from the Government for a seven year sentence. *Id.* "As in all cases, the plea offer was very clear that there was no guarantee as to the sentence upon the acceptance of a plea of guilty, and I made that clear to the Petitioner." *Id*. "I never advised the Petitioner what decision he should make, but made it clear to him, as I do in all cases with my clients, that the

decision whether to plead guilty or to take the matter to trial had to be made by him alone." *Id.* Mr. Newman also averred that the Petitioner at no time admitted his guilt. *Id.* "[T]here was never any guarantee of a length of sentence in [the plea offer in] this case." *Id.* ¶ 4.

In reply to this affidavit, the Petitioner further averred that trial counsel "at no time prior to, during, or since my trial did former counsel ever discuss the terms of the government's proposed plea agreement with me." **Affidavit of Richard Ray Hughes, filed October 23, 2006, ¶ 2.** The Petitioner then contradicts himself by stating that counsel advised him the plea agreement contained an offer for a seven-year sentence. *Id.* In his supplemental reply, the Petitioner once again contradicts himself by making the following claim: "While it may be true that *Mr. Newman might not have stated that the plea agreement contained a seven (7) year provision*, Mr. Newman nonetheless informed both Mr. and Mrs. Hughes that the sentence would be even (7) years if Mr. Hughes pled guilty." **Petitioner's Reply and Memorandum of Law,** *supra***, at 5 (emphasis added).**

The first issue for consideration is whether an evidentiary hearing is required to resolve this dispute. The Rules governing such cases require

the Court to review "the answer, any transcripts and records of prior proceedings, and any material submitted [to expand the record] to determine whether an evidentiary hearing is warranted."  **Rule 8, Rules Governing Section 2255 Proceedings for the United States District Courts.**  The Court finds that the Petitioner has contradicted his own sworn statement that his attorney told him the plea agreement contained an offer for a seven year sentence.  **Reply,** *supra* **("While it may be true that *Mr. Newman might not have stated that the plea agreement contained a seven (7) year provision . . . [.]*").**  Both the Petitioner and his wife have averred that counsel did discuss the plea agreement with him and the Petitioner has now admitted that counsel did not "technically" tell him the offer was for a seven-year sentence.  This is precisely what counsel averred in his affidavit.  Moreover, the Petitioner has not placed a copy of the plea agreement in the record; thus, whether it would have offered the seven-year sentence has not been shown.  *Gallo-Vasquez v. United States*, 402 F.3d 793, 798 (7th Cir. 2005) ("**The motion does not attach a copy of the proposed agreement, state when or by whom the offer was made, or give any details other than to assert that it contemplated a 48-month sentence.**").  The undersigned does not find

this record shows a true factual conflict the resolution of which requires an evidentiary hearing. *United States v. White*, 366 F.3d 291, 297 (4th Cir. 2004) ("[O]ften, after discovery, a court may determine that no material facts are disputed, and so can resolve even non-frivolous allegations on summary judgment."); *Raines v. United States*, 423 F.2d 526, 531 (4th Cir. 1970) (Petitioner "alleges specific facts, but they are refuted by the files and records of the case."); *Medearis v. United States*, ___ F.Supp.2d ___, 2006 WL 3833925, at *3 (D.S.C. 2006) ("An evidentiary hearing need not be held 'if . . . the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible or conclusions rather than statements of fact.'") (quoting *Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir. 2006) (other citations omitted).

The "Sixth Amendment right to effective assistance of counsel extends to assistance rendered when deciding whether to reject a plea offer." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007). Nonetheless, trial counsel's performance is within the range of competence if he informed the defendant of the charges, the plea offer, the range of sentence if convicted and the sentence under the plea offer. *Id.* at 521

**n.1.** The Petitioner alternately claims that Newman advised him that he would likely face a seven-year sentence. Assuming *arguendo* that Newman gave such advice, a "miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel." *United States v. Gordon*, 4 F.3d 1567, 1570 (10th Cir. 1993); *Bethel v. United States*, 458 F.3d 711, 717 (7th Cir. 2006), *cert. denied*, 127 S. Ct. 1027 (2007) ("An inaccurate prediction of a sentence alone is not enough to meet the standard [of ineffective assistance]."); *United States v. Foster*, 68 F.3d 86, 87-88 (4th Cir. 1995).

> [T]he sentencing consequences of guilty pleas (or, for that matter, guilty verdicts) are extraordinarily difficult to predict. Although the sentencing guidelines significantly restrict the sentencing discretion of the district courts, that discretion is still extensive, and predicting the exercise of that discretion is an uncertain art. Therefore, . . . a mistaken prediction is not enough in itself to show deficient performance, even when that mistake is great[.]

*United States v. Barnes*, 83 F.3d 934, 940 (7th Cir. 1996). Such is not the case here.

Next, the Petitioner claims that his appellate counsel failed to advise him of his right to file a petition for a writ of *certiorari* with the Supreme

Court to assert a *Blakely* claim. The United States Fourth Circuit Court of Appeals decided the Petitioner's direct appeal on March 16, 2004. Assuming *arguendo* that his appellate counsel should have filed a petition for a writ of *certiorari* with the United States Supreme Court, the *Blakely* decision was not decided until August 23, 2004, well after the 90-day period within which such a petition must have been filed.

The Petitioner also claims that his appellate counsel should have predicted the holding in *Blakely*, where the Supreme Court held that Washington State's statutory sentencing scheme violated *Apprendi* because the sentencing court used aggravating factors, to which the defendant had not stipulated in his plea agreement, to enhance the defendant's sentence above the sentencing guideline range. However, *Blakely* does not apply retroactively to convictions, like the Petitioner's, that were final at the time that case was decided. **United States v. Price, 400 F.3d 844 (10th Cir.), cert. denied, 126 S. Ct. 731 (2005); Varela v. United States, 400 F.3d 864 (11th Cir.), cert. denied, 126 S. Ct. 312 (2005); Cooper-Smith v. Palmateer, 397 F.3d 1236 (9th Cir.), cert. denied, 126 S. Ct. 442 (2005); Green v. United States, 397 F.3d 101, 103 (2d Cir. 2005); United States v. Fowler, 133 F. App'x 922 (4th Cir. 2005).**

Moreover, there was no *Blakely* error in the Petitioner's case because the jury returned a verdict which specifically found both the drug quantities attributable to the conspiracy as well as to the Petitioner individually. In short, because of the jury verdict, the Petitioner suffered neither a *Blakely* nor an *Apprendi*[1] error.

To the extent that the Petitioner may have asserted a claim pursuant to *Booker*, that claim is rejected as well. In *Booker*, the Supreme Court held that the United States Sentencing Guidelines, as a mandatory sentencing procedure, are unconstitutional but that they may be used as an advisory guide by sentencing courts. The Fourth Circuit, as well as every circuit court which has addressed the issue of whether *Booker* may be applied retroactively to cases on collateral review, has held that *Booker* is not retroactive. **United States v. Morris, 429 F.3d 65 (4th Cir. 2005), cert. denied, 127 S. Ct. 121 (2006) (Although Booker is a new rule of constitutional law, it is not a watershed rule and therefore does not**

---

[1] In *Apprendi*, the Supreme Court held that other than a prior conviction, any fact that increases the penalty for a crime *beyond the prescribed statutory maximum* must be submitted to the jury and proven beyond a reasonable doubt. The *Apprendi* decision does not apply retroactively to cases on collateral review. **San-Miguel v. Dove, 291 F.3d 257 (4th Cir. 2002).**

apply retroactively to cases on collateral review.); *United States v. Foster*, 185 F. App'x 225 (4th Cir. 2006); *Fowler, supra*; *In re Zambrano*, 433 F.3d 886 (D.C. Cir. 2006); *United States v. Cruz*, 423 F.3d 1119 (9th Cir. 2005); *United States v. Bellamy*, 411 F.3d 1182 (10th Cir. 2005); *Lloyd v. United States*, 407 F.3d 608 (3d Cir.), *cert. denied*, 126 S. Ct. 288 (2005); *Guzman v. United States*, 404 F.3d 139 (2d Cir.), *cert. denied*, 126 S. Ct. 731 (2005); *Humphress v. United States*, 398 F.3d 855 (6th Cir.), *cert. denied*, 126 S. Ct. 199 (2005); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir.), *cert. denied*, 545 U.S. 1110 (2005) ("We conclude, then, that *Booker* does not apply retroactively to criminal cases that became final before its release on January 12, 2005."); *Green, supra*; *In re Anderson*, 396 F.3d 1336, 1339 (11th Cir. 2005).

Because Petitioner failed to show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," the second prong of *Strickland* need not be reached.

## III.  ORDER

**IT IS, THEREFORE, ORDERED** that the Petitioner's motion pursuant to 28 U.S.C. § 2255 is hereby **DENIED**.  A Judgment dismissing this action is filed herewith.

Signed: March 16, 2007

Lacy H. Thornburg
United States District Judge